## McALPIN *v.* LAUVE et al.

The claim of one who has furnished labor and materials for the construction of a steamer under a contract with an agent of the owners, asserted in an action against the latter for the price, cannot be defeated on the ground that the cost of the steamer exceeded the amount for which the agent was authorized to bind the owners, where there is no evidence that the limit had been exceeded at the time the plaintiff furnished his labor and materials, and it is proved that the owners accepted and used the boat without having demanded an accurate statement of the liabilities contracted for her construction.

APPEAL by defendants from a judgment in favor of plaintiffs, rendered by the Fourth District Court of New Orleans, *Strawbridge,* J.

*Wray,* for the plaintiffs. The only point made for the defence worthy of notice is, that the contract was made in a common law State, where parties owning and running ships and steamers are tenants in common and not commercial partners, and that consequently the defendants are not bound *in solido.* It may well be doubted whether this contract, payable in Louisiana, is not to be governed by our law, for *Contraxisse,* &c., Dig. lib. 44, tit. 7, l. 21. At common law, part owners of ships and steamers are bound *in solido* for the whole debt, for repairs or expenditures for the common benefit; they are analogous to partners, and liable as such to third persons for necessary repairs and stores. Story on Part. 589, sec. 419. 3 Kent's Com. 155, 156.

*Bonford,* for the appellants. The judgment of the court was pronounced by

SLIDELL, J. This suit is brought upon a note of the following tenor:

"*Louisville, Sept.* 5, 1845. Seven months after date steamboat Belle Creole and owners promise to pay to the order of *J. McAlpin* the sum of three hundred and fifteen dollars, for value received, payable at the office of *Omer Lauve.* DIMITRY & PLAISENT."

The petition also charges that the consideration of this note was cabin furniture, &c., supplied for said boat, at the request of *Dimitry & Plaisent,* the agents of the defendants, and also part owners. Interrogatories were propounded to defendants, and by their answers it appears that the defendants, as well as *Dimitry & Plaisent,* were part owners of the boat at the date of the note, and so continued until the 20th April, 1846, when the owners sold her; that *Dimitry & Plaisent* were specially authorised by the defendants to build the boat, and purchase materials, engines, furniture, &c., with the limitation that they were not to exceed $30,000 in their contracts, the whole of which sum the stockholders have paid; that the boat, after her completion, was received by the stockholders at New Orleans, although, as they say, they were not aware that the cost of the boat had exceeded the amount to which *Dimitry*

McAlpin
v.
Lauve.

*& Plaisent* had been authorized to contract; that after receiving the boat, she was employed by the defendants for their account and profit, and under *Dimitry's* command, in carrying freight and passengers for hire. By other testimony the consideration of the note, as above alleged, is proved; and the price of the furniture is proved to have been fair and reasonable.

It further appears that a number of persons, among whom are the defendants, signed articles of partnership, of which the purport was that a boat should be built to be run as a packet boat upon the Mississippi. The stock was divided into shares. *Dimitry & Plaisent* were to be the agents to build the boat, and *Lauve* to be the boat's agent at New Orleans; the amount of capital to be advanced by the stockholders was first agreed at $22,000, and afterwards, upon suggestion that the vessel would cost more, was extended to $30,000, which the stockholders bound themselves to furnish in proportion to their respective shares. By the letters of *Dimitry*, addressed to *Lauve*, while the building of the boat was in progress, he informed him that the boat would cost more than was originally contemplated. He states the probable cost at $28,000, but gives this only as an approximate estimate, and expresses the hope that the earnings of the boat before the payments all become due, will supersede the necessity of calling on the stockholders beyond the sum of $24,000. In this statement of facts we have not noticed the testimony of *Dimitry*, whose competency is disputed.

The defence set up is that *Dimitry & Plaisent* exceeded their authority by expending a larger sum in the construction of the boat than the stockholders contemplated, and that the defendants were ignorant of this fact when they received the boat.

It is a sufficient answer to this defence to say that, *Dimitry & Plaisent* were undoubtedly authorised to contract up to the amount of $30,000, and there is no evidence to the point that when the plaintiff supplied a portion of the boat's equipment the limit had been exceeded. There is also no evidence to show the slightest negligence or impropriety of conduct on the part of the plaintiff. He furnished his labor and materials for the boat's equipment at a fair rate to an agent authorized to build the boat; the principals permitted that agent to go on with approximate estimates before them, in which he did not undertake to define the exact cost; and they accepted and used the boat, without first demanding an accurate statement of the liabilities incurred. Under this state of facts, we see no justice in their resistance of the plaintiff's claim. The nature of the partnership imposed a liability *in solido.*

*Judgment affirmed.*